

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bayne Satterfield
Firemen's Pension Commissioner
Austin, Texas

Dear Sir:

Opinion No. O-7122

Re: Construction of Art. 6243-e,
Sec. 7, V.A.C.S.

This acknowledges receipt of your letter which reads as follows:

"Mr. A. was a regularly appointed and enrolled member of fire department participating in the provisions of the Statewide Firemen's Relief and Retirement Fund as provided in Sec. 6243-e, V.A.C.S. of this State. He was injured in the performance of his duties as a fireman and was discharged by his city because, among other things, 'of some physical defect which incapacitated him for the proper performance of the duties of his position.'

"The question is, if the Board finds that he was disabled in the performance of his duty as a fireman, should he be granted total disability by reason of the fact that he has been incapacitated from the further performance of his duty as a fireman or should he be granted retirement and partial disability if he is disabled to such an extent that he cannot be reinstated as a member of the fire department but could be employed at other types of employment. In other words should the Board grant him permanent disability if he is physically unfit to be employed on the fire department but his disability is such that he could accept and be employed on jobs other than fire department work.

"One of our Boards has such a case pending and we would appreciate your ruling at your earliest convenience."

For purposes of this opinion, we assume that the fireman in question has made full compliance with all other provisions of Art. 6243-e.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Art. 6243-e, Sec. 3, V.A.C.S., provides in part as follows:

"That all incorporated cities and towns in this State having a regularly organized active fire department, whether wholly paid, part paid or volunteer, with fire fighting apparatus and equipment of the value of $1000 or more, the Mayor of such city or town, the city or town treasurer, or if no treasurer, then the city secretary, city clerk, or such other person or office as by law, charter provision, or ordinance, performs the duty of city treasurer, and three (3) members of such regularly organized active fire department, to be selected by vote of the members of such fire department in the manner hereinafter directed shall be and are hereby constituted the 'Board of Firemen's Relief and Retirement Fund Trustees' to receive, handle and control, manage and disburse such Fund for the respective city or town and as such Board shall have the power and authority to hear and determine all applications for retirement, claims for disability, either partial or total, . . . . (emphasis added)

Art. 6243-e, Sec. 7, provides as follows:

"Whenever a person serving as an active fireman duly enrolled in any regularly active fire department in any city or town in the State, not within, or that may hereafter come within the provisions of this Act, shall become physically or mentally disabled while in and/or in consequence of, the performance of his duty, said Board of Trustees may, upon his request, or without such request if it shall deem proper and for the good of the department, retire such person from active service either upon total or partial disability as the case may warrant and shall order that he be paid from such Fund, (a) if for total disability, an amount equal to one-half the average monthly salary of such fireman, not to exceed the sum of One Hundred Dollars ($100) per month; provided that if such average monthly salary be Fifty Dollars ($50) or less per month, or if he be a volunteer fireman with no salary, the amount so ordered paid shall not be less than Twenty-five Dollars ($25) per month; such average monthly salary to be based on the monthly average of his salary for the five (5) year period, or so much thereof as he may have served, preceding the date of such retirement; or, (b) if the disability be less than total, then such sum as in the judgment of the Board of Trustees may be proper and commensurate with the degree of disability; provided further, that if and when such disability

shall cease, such retirement or disability allowance shall be discontinued and such person shall be restored to active service at not less than the same salary he received at the time of his retirement for disability." (emphasis added)

Art. 6243-e does not define total or partial disability. An important rule to be observed in statutory interpretation is that an act should be given a fair, rational, reasonable, and sensible construction, considering its language and subject matter and with a view to accomplishing the Legislative intent and purpose, 39 Tex. Juris. 172, 173.

It may be maintained that the Legislature intended the disability, total or partial, to refer solely to a disability to do fire department work. However, we are not of the opinion that such was the intent of the Legislature. In order to give full effect to the express provisions of Sec. 7 as to total and partial disability, we believe that the correct meaning of those terms in the light of the Legislative intent is to be found in the following cases which generally define total and partial disability.

In Western Indemnity Co. v. Corder, 249 S. W. 316, at page 318, the Texas Court of Civil Appeals said:

"Total inability to labor, a synonymous term with total incapacity, is thus defined by 8 Words and Phrases (1st Series) p. 1012:

"'Total inability to labor does not confine the capability of the member's earning capacity to the same employment as that in which he was engaged at the time of becoming incapacitated, but requires such member to engage in any work or employment for which he is capable of performing.'"

In Kicks v. Ga. Casualty Co., 63 F. (2) 157, at page 159, the Fifth Circuit Court of Appeals said:

"The decisions give to the term 'total and permanent disability' the practical and common sense meaning, that one is totally disabled when one is not, without injury to his health, able to earn his living by work. They reject the idea that it is necessary to prove absolute incapacity to do any kind of work. Especially it is true that one may still be found to be incapacitated if, though he may find temporary employment in work for

Honorable Bayne Satterfield, page 4

which he is not equipped, he cannot gainfully employ himself in work for which he is not fit."

In Davies v. Texas Employer's Ins. Assn. 29 S. W. (2d) 987, at page 988, the Texas Commission of Appeals said:

"In determining the question of total permanent disability, that determination will not be controlled necessarily by the fact that the injured employee has been able, since the injury, to earn money.

In Texas Employer's Ins. Assn. v. Phelan, 103 S. W. (2d) 863, at page 864, the Texas Court of Civil Appeals said:

"In order for an employee to recover under the Texas Compensation Law, he must, among other things, show whether the accidental injury sustained by him resulted in total incapacity or in partial incapacity. An employee is totally incapacitated under the act, . . . . . when he is disabled from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment."

In Southern Underwriters v. Schoolcraft, 158 S. W. (2d) 991, at page 994, the Texas Commission of Appeals upheld the following charge to the jury in the trial court:

"Further, that the term 'partial incapacity' as used herein has the following meaning: it shall mean where an employee by reason of injury sustained in the course of his employment is only able to perform part of the usual tasks of a workman, but, nevertheless, is able to procure and retain employment reasonably suited to his physical condition and ability to work, or is only able to perform labor of a less remunerative class than he performed prior to his injury whereby he suffers a depression or reduction in his earning capacity."

The determination of disability, total or partial, and the degree thereof, is a question of fact to be passed upon solely by the Board of Firemen's Relief and Retirement Fund Trustees.

If said Board finds as a matter of fact that a fireman is totally disabled, that is, when he is disabled from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment, then the Board should grant total disability.

Honorable Bayne Satterfield, page 5


If said Board finds as a matter of fact that a fireman is partially disabled, that is, when he is only able to perform part of the usual tasks of a workman but is able to procure and retain employment reasonably suited to his physical condition and ability to work, then the Board should grant partial disability, according to the degree thereof.

We trust that the above fully answers your question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      *Richard H Cocke*

Richard H. Cocke
Assistant

By      *William E. Stapp*

William E. Stapp

WES:fb